IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARIBEL GALLEGOS-LOPEZ,

Plaintiff,

vs. Civil Case No. 09-4034-SAC

KANSAS CITY, KANSAS SCHOOL DISTRICT, U.S.D. #500,

Defendant.

MEMORANDUM AND ORDER

This case comes before the court on the defendant's early motion for summary judgment. The defendant contends that the plaintiff's suit is time-barred under 42 U.S.C. § 2000e-5(f)(1), due to the plaintiff's failure to file her complaint within 90 days of receipt of her right-to-sue letter from the Equal Employment Opportunity Commission (EEOC). The court disagrees.

**Summary Judgment Standard**

On summary judgment, the initial burden is with the movant to point out the portions of the record which show that the movant is entitled to judgment as a matter of law. *Thomas v. Wichita Coca-Cola Bottling Co.*,

968 F.2d 1022, 1024 (10th Cir.1992), *cert. denied*, 506 U.S. 1013, 113 S.Ct. 635, 121 L.Ed.2d 566 (1992). If this burden is met, the non-movant must set forth specific facts which would be admissible as evidence from which a rational fact finder could find in the non-movant's favor. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir.1998). The non-movant must show more than some "metaphysical doubt" based on "evidence" and not "speculation, conjecture or surmise." *Matsushita Elec. Indust. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Bones v. Honeywell Intern*., 366 F.3d 869, 875 (10th Cir. 2004). The essential inquiry is "whether the evidence presents a sufficient disagreement to require submission to the jury or whether the evidence is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby*, 477 U.S. 242, 251-52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In ruling on a motion for summary judgment, the nonmoving party's evidence "is to be believed, and all justifiable inferences are to be drawn in [that party's] favor." *Anderson*, 477 U.S., at 255. At this stage, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge..." *Anderson*, 477 U.S. at 255. However, "[w]here the record taken as a whole

could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.' " *Matsushita*, 475 U.S. at 587. *See Pinkerton v. Colorado Dept. of Transp*., 563 F.3d 1052, 1058 (10th Cir. 2009).

**Facts**

The plaintiff filed an initial charge of discrimination against the defendant which accurately stated her full and valid address as: 1845 W. Cedar St., Olathe, Kansas, 66061. A copy of the initial charge which plaintiff filed is attached to her response, but is unsigned and does not reflect its receipt by the EEOC. *See* Dk. 7, Exh. 1. The plaintiff then filed an Amended Charge of Discrimination dated August 9, 2008. Instead of providing her requested street address, city, state, and zip code, the plaintiff listed only: "Olathe, KS 66061" in its address blank.

About that same date, the plaintiff's attorney, Steve Horak, filed an Entry of Appearance with the EEOC in the plaintiff's case, listing his address as: "8780 Mastin, Overland Park, KS 66212." The EEOC then sent a Notice of Charge of Discrimination to the defendant on September 17, 2008, attaching a copy of the plaintiff's Amended Charge of Discrimination and Mr. Horak's Entry of Appearance.

On or about October 24, 2008, Mr. Horak mailed a letter to the

EEOC, informing it that as of October 31st, 2008, his new address would be: “10215 Hardy Dr., Overland Park, Kansas 66212.” The letter stated that he was unaware of the file numbers for his cases, but listed three open files by name, one of which was this plaintiff’s charge against this defendant.

The EEOC thereafter prepared a “Dismissal and Notice of Rights” letter and on December 22, 2008, mailed it to the following persons:

Maribel Lopez, at 8780 Mastin, #B, Olathe, Kansas 66061;

Deryl W. Wynn (attorney for USD #500), at 707 Minnesota Avenue, 4th floor, P.O. Box 171300, Kansas City, KS 66117;

Steve Horak, Attorney, 8780 Mastin, Ste B, Overland Park, KS 66212.

This address for Steve Horak was the address from his Entry of Appearance, rather than the address which he had subsequently asked the EEOC to use, via his change of address letter. The address used by the EEOC for the plaintiff has never been a valid address for the plaintiff or perhaps for anyone else, and appears to be a mangled melange of Mr. Horak’s old street address and the plaintiff’s city of residence.

The plaintiff never received a copy of her right to sue letter from the EEOC. The plaintiff first learned that the EEOC had issued a right to sue

letter upon receiving an e-mail from Mr. Horak on January 16, 2009. Mr. Horak did not actually receive his copy of the right to sue letter until January 15, 2009. Although he had put in an order with the United States Postal Service (USPS) in October of 2008 to forward mail from his old office address to his new one, the USPS failed to forward his mail. Instead, USPS continued to deliver his mail to his prior office where it sat for several days before being sent to him. This case was filed on April 3, 2009, more than 90 days after December 22, 2008, but less than 90 days after January 15, 2009.

**Analysis**

A Title VII plaintiff's failure to file suit within ninety days of receiving a right-to-sue notice from the EEOC forecloses the plaintiff from bringing suit on the allegations made in the EEOC charge of discrimination. 42 U.S.C. § 2000-e5(f)(1). The ninety-day time limit starts to run on the date the plaintiff actually receives the EEOC notice of right to sue. *Jackson v. Continental Cargo-Denver*, 183 F.3d 1186, 1189 (10th Cir.1999) (finding receipt of right to sue letter when the employee actually picked up the certified letter at the post office, rather then when the Postal Service left notices of attempted delivery of a certified letter.)

Defendant disputes whether the plaintiff ever filed her initial EEOC complaint reflecting her correct address, whether Mr. Horak actually sent the EEOC a letter notifying it of his change of office address, whether Mr. Horak ever sent the USPS a mail forwarding order, and whether Mr. Horak actually first received the EEOC's right to sue letter on January 15, 2009. In so doing, the defendant asks the court to discredit clear statements made in sworn affidavits filed by the plaintiff and her counsel. *See* Dk. 7, Exh.1. This the court cannot do. First, because this is a summary judgment motion, the court must read the record in the light most favorable to the plaintiff. Secondly, "credibility disputes are particularly inappropriate for summary judgment disposition." *Jaxon v. Circle K Corp*.,773 F.2d 1138, n. 2 (10th Cir.1985), citing *Madison v. Deseret Livestock Co.*, 574 F.2d 1027, 1037 (10th Cir.1978). The court's task is thus to determine which acts constitute receipt, triggering the applicable ninety-day filing period, assuming the validity and credibility of the facts stated in the affidavits filed by the plaintiff and her counsel.

Defendant additionally relies on the principle of constructive receipt, but the court finds that doctrine inapplicable here. Constructive receipt arises when a right-to-sue letter is actually delivered to the plaintiff's

residence and is accepted by a family member or other authorized person. *Jackson*, 183 Kan. at 1188. No comparable facts showing acceptance by some authorized person at counsel's old office address have been established here.

Defendant's motion additionally invokes a legal presumption in contending that the plaintiff's attorney received the right to sue letter, at the latest, five days after it was mailed to his old office address, *i.e*., on December 27, 2008. Although the ninety-day limit begins to run on the date the complainant actually receives the EEOC right-to-sue notice, when that date is unknown or is disputed, federal courts presume the letter was received from three to seven days after the letter was mailed. *Lozano v. Ashcroft*, 258 F.3d 1160, 1165 (10th Cir. 2001).

The court finds this mailing-time presumption to be inapplicable here, because the presumption arises only if the piece of mail is properly addressed when placed in the care of the postal service. *See Issa v. Comp United States*, 354 F.3d 1174 (10th Cir. 2003); *Witt v. Roadway Exp*., 136 F.3d 1424, 1429 (10th Cir.1998); *Nikwei v. Ross School of Aviation*, 822 F.2d 939, 941 (10th Cir.1987). Here, it is undisputed that the right to sue letter was not properly addressed to the plaintiff. The court additionally

finds that the right to sue letter was not properly addressed to the plaintiff's counsel, since despite counsel's proper notice to the EEOC, the EEOC addressed the letter to counsel's old office address rather than to his known current mailing address. *See Hill v. John Chezik Imports*, 869 F.2d 1122, 1124 (8th Cir.1989) (finding the ninety day period begins to run on the day the right-to-sue letter is received at the most recent address that the plaintiff has provided the EEOC).

Even if the presumption arose that the plaintiff received the right-to-sue letter within a few days after it was mailed, the presumption is a rebuttable one. *See, e.g., Issa v. Comp USA*, 354 F.3d 1174,178-79 (10th Cir. 2003). "Because the presumption is rebuttable ... evidence denying receipt creates a credibility issue that must be resolved by the trier of fact." *Witt v. Roadway Express*, 136 F.3d 1424, 1430 (10th Cir.), *cert. denied*, 525 U.S. 881 (1998). Mr. Horak's sworn affidavit stating that his receipt was delayed beyond the presumed period, due to the moving of his office and the resulting delay in his receipt of his mail, is sufficient to rebut any presumption that may apply.

Defendant implies that Mr. Horak is at fault for any such delay and should have taken steps to timely retrieve his mail because he knew, due

to the nature of an attorney's practice, that much of it could be time-sensitive and also knew such mail was routinely being untimely delivered to his new address. This assertion of negligence is immaterial for purposes of this motion. *Jackson* indicates that "a plaintiff's simple negligence or inadvertence in relation to receipt of the notice of right to sue does not start the running of the ninety-day period at any point prior to actual receipt." *Wyckoff v. Loveland Chrysler-Plymouth, Inc*., 2008 WL 927664, 3 (D.Colo. 2008). No evidence suggests that the plaintiff or her counsel knew or had reason to suspect that any mail awaiting pick-up was in fact a right-to-sue letter from the EEOC, or that either of them intentionally delayed in obtaining the mail in order to circumvent the limitation period. In the absence of such facts, and because the defendant has not proffered conclusive evidence that the plaintiff or her attorney actually received the notice of right to sue anytime before January 15th, defendant's motion for summary judgment must be denied.

IT IS THEREFORE ORDERED that the defendant's motion for summary judgment (Dk. 2) is denied.

Dated this 9th day of September, 2009, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge